IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **RICHARD J. JOHNSON,** § | | |
| **TDCJ No. 1005689,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | Civil Action No. 7:18-cv-00088-O-BP | |
| § | | |
| **LORIE DAVIS, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Richard J. Johnson pursuant to 28 U.S.C. § 2254. (ECF No. 1). After consideration of the pleadings and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS WITHOUT PREJUDICE** the Petition for Writ of Habeas Corpus (ECF No. 1) as moot.

**Background**

Johnson is an inmate confined in the James V. Allred Unit in Iowa Park, Texas, and brings this action pursuant to 28 U.S.C. § 2254. (ECF No. 1). Johnson challenges the validity of his disciplinary cases (Nos. 20180241676 and 20180241681) for threatening harm and disobeying orders. (ECF No. 1 at 5). Johnson states that his disciplinary cases resulted in 60 days of good-time credit lost; commissary, telephone, and recreation restrictions; and an increase in line class to level three. (*Id.* at 5). As relief, Johnson seeks reversal of his disciplinary cases. (*Id.*). At the time

he filed his petition, Johnson had indicated that his step one and step two grievances were denied. (*Id.* at 4–5).

On August 4, 2018, the Court directed Respondent to answer Johnson's petition. (ECF No. 11). On December 5, 2018, Respondent filed its answer (ECF No. 15), which included the affidavit of a Program Supervisor of the Counsel Substitute Program of the Texas Department of Criminal Justice, Administrative Review and Risk Management Division, dated October 19, 2018. (ECF No. 15-2). In that affidavit, the Program Supervisor testified that Johnson's disciplinary cases have been overturned, and the disciplinary cases and punishment assessed were deleted from his record. (*Id.*). In its answer, Respondent argues that Johnson has received the relief requested in his petition, and consequently, it should be dismissed as moot. (*Id.*). After Respondent filed its answer, the undersigned ordered Johnson to file any reply by January 2, 2019. (ECF No. 16). As of today's date, Petitioner has not filed a reply. The petition is ripe for disposition.

## Legal Standards and Analysis

Article III of the Constitution limits jurisdiction of federal courts to actual "cases" and "controversies." U.S. Const. art. III, § 2. A moot case presents no case or controversy, and a federal court has no constitutional jurisdiction to resolve the issues presented in such a matter. *Adair v. Dretke*, 150 F. App'x 329, 331 (5th Cir. 2005) (citing *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir.1999)). Here, Johnson has received the relief requested in his petition. His disciplinary cases have been overturned, and the disciplinary cases and punishment assessed deleted from his record. Therefore, Johnson's actionable claims are moot because the Court cannot grant him any further relief. *See, e.g.*, *Johnson v. Dretke*, No. 2:03-CV-0361, 2005 WL 831356, at *1 (N.D. Tex. Apr. 8, 2005) (dismissing as moot petitioner's claims after his disciplinary case had been overturned and good-time credit restored); *Hayes v. Dretke*, No. 2:03-CV-0084, 2004 WL 2339314, at *1

(N.D. Tex. Oct. 15, 2004), *adopted by*, No. 2:03-CV-0084, 2004 WL 2434679 (N.D. Tex. Nov. 1, 2004) (same).

To the extent Johnson challenges the loss of recreation and telephone privileges and cell restriction as a result of case numbers 20180241676 and 20180241681, such punishments constitute changes in the conditions of confinement and do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Johnson do not raise such concerns.

## Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Petition (ECF No. 1) be **DISMISSED** without prejudice as moot.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed February 5, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE